CARR (UNITED STATES v.). See Cases Nos. 14,729–14,732.

CARR (WOOD v.). See Case No. 17,940.

## Case No. 2,441.

### CARRAHER v. BRENNAN et al.

[7 Biss. 497; 5 Cent. Law J. 114; 9 Chi. Leg. News, 363; 4 Law & Eq. Rep. 159; 23 Int. Rev. Rec. 248.][1]

Circuit Court, N. D. Illinois. July, 1877.[2]

CAUSES FOR REMOVAL TO FEDERAL COURTS.

1. In the removal of a cause from a state to a federal court, the whole suit must be removed; a fragment of a suit cannot come to the federal court for trial, because a party interested in that fragment, or some single issue, is a citizen of another state from that of the plaintiff.

2. A removal of a cause from the state to the federal court will only be allowed when the controversy is so completely a controversy between residents or citizens of different states, that its termination will settle the whole suit.

[Cited in Donohoe v. Mariposa Land Co., Case No. 3,989; Thompson v. Dixon, 28 Fed. 6.]

3. It is not enough that citizens of different states are interested in the same issue or controversy, but they must have such an interest that when the question to which they are parties is settled, the suit is thereby determined; otherwise the right of removal is not given.

[Cited in First Presbyterian Soc. v. Goodrich Transp. Co., 7 Fed. 261.]

[See note at end of case.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 5 Cent. Law J. 114, and 4 Law & Eq. Rep. 159, contain only partial reports.]
[2] [Affirmed in Gage v. Carraher, 25 U. S. (Lawy. Ed.) 989.]

In equity. This was a motion to remand this suit to the superior court of Cook county, from whence it was removed to this court. This suit was originally brought in the superior court under what is known as the "Burnt Records Act" of this state, for the purpose of perfecting and establishing title to the lands described in the bill. The bill alleges that the complainant is the owner in fee of certain lands described in the bill, and that the defendants Brennan, Forsythe, Asahel Gage, Henry H. Gage and Portia Gage, also claim title in fee under certain deeds therein referred to. Defendants, John Forsythe, H. H. Gage and Asahel Gage, answered the bill, and each claimed title to the land in question as against the complainant, by specific conveyances which they set up, which were in fact tax titles. The defendant, Portia Gage, before answer, appeared and filed her petition, stating that she was a citizen of the state of New Jersey, and that the complainant is and was a citizen of the state of Illinois; and that in said suit there is a controversy which is wholly between said complainant and herself, and which can be fully determined as between them, and prayed a removal of the suit to this court. The superior court ordered the cause to be removed as prayed; and since such removal said Portia Gage has answered the said bill, setting up title to the land under a conveyance from Asahel Gage to herself.

James E. Munroe, for complainant.
A. N. Gage and Beam & Cooke, for petitioner.

BLODGETT, District Judge. The statute under which this suit was brought provides, in substance, that in all counties where the records of land titles have been destroyed, the claimant or owner of lands in fee, or of any interest in them, may file a petition to establish title. The statute requires that all persons owning or claiming an estate in fee, all persons in possession, or all persons to whom the lands shall have been conveyed, and the deed of conveyance recorded after the destruction of the record, shall be made defendants to the suit; and all other persons may be made parties by the name and designation of "whom it may concern." Any person interested may come in and set up his title and have his rights to the land adjudicated the same as if he had been made a party by name; and after the court has entered a decree determining who is the owner under the pleadings and proofs, the decree is final unless appealed from within one year. On the hearing of such case the court is to determine and decree in whom the title to the land is vested, whether in the petitioner or in other parties to the suit; that is to say, the court must upon the issues made in this case, determine and decree whether the petitioner has title to the land as against Forsythe, H. H. Gage, Asahel Gage and Portia Gage; and also whether

Forsythe has title as against the petitioner or any other of the parties claiming title; and so the title of each defendant as against the petitioner, and each of the other defendants must be passed upon and determined by the court.

The second section of the act of March 3, 1875 [18 Stat. 470], provides for the removal of cases from the state to the federal courts.

By the first clause the right of removal is given when the suit arises under the constitution or laws of the United States, or treaties made under its authority, or suits in which the United States is a plaintiff or petitioner, or in which there shall be a controversy between citizens of different states, or a controversy between citizens of the same state, claiming lands under grants of different states, or a controversy between citizens of a state and foreign citizens or subjects; and the second clause provides that when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then one or more of the plaintiffs or defendants actually interested in such controversy, may remove said suit to the United States court for the proper district.

The only authority for the removal of this case to the federal courts must be found in the last clause, which I have just referred to. The defendant, Portia Gage, alleges in her petition for removal, that there is a controversy in the case wholly between the complainant and herself, which is not strictly true, because the controversy is between herself and the complainant, and all the other defendants; and she does not state that all the other defendants are citizens of a different state from herself.

It was held by this court in City of Chicago v. Gage [Case No. 2,664], and has also been held in Stapleton v. Reynolds [Id. 13,-303], by Judge Swing, of the southern Ohio district, that the whole suit must be removed; that a fragment of a suit cannot come to this court for trial, because a party interested in that fragment, or some single issue, is a citizen of another·state from that of the plaintiff. And it seems to me that the suit must be wholly between citizens of different states as necessary and material parties in order to give the right of removal. It is not enough that citizens of different states must be interested in the same issue or question, or controversy, which arises in the course of the case; but they must have such an interest that when the question to which they are parties is settled, the suit is thereby determined, or the right of removal is not given.

Is this such a suit? There is a controversy, to be sure, between the plaintiff and Mrs. Gage, who has removed this case to this court; but the determination of that controversy will not determine the suit; the court must still determine her rights as against all the other defendants, and must also determine the title to the property as between all the other defendants, and each other as against the plaintiff.

Suppose we hold that Mrs. Gage has not title, either as against the plaintiff or either of the other defendants, the controversy in this case is not thereby determined, but we have still to settle the title as between the other parties. The scope and purpose of this act of congress, it seems to me, must be to allow simply a removal to the federal courts when the controversy was so completely a controversy between residents or citizens of different states that the determination of that controversy settled the whole suit.

The legislature of this state, in its wisdom, has provided for the bringing of this kind of suit; it is an exceptional and an extraordinary form of action, and only arises in the case of a catastrophe like that which has happened in this county by the destruction of all its land records. Necessarily, almost, there will be parties residing in various states, who may have directly or indirectly some interest in the title which the party seeks to establish; and is this court to assume that every non-resident who happens to be brought in, or to have an interest in a proceeding of this kind. can remove his part of that controversy to the federal court and have it settled there? And if he does, what is the court then to do, when it has settled the controversy as between the parties so removed—the non-resident so removed and the other claimants to the property? It seems to us that congress could not have intended that this result should follow in this class of cases. So, too, in an infinite number of chancery suits which are brought. A party foreclosing a mortgage in the state courts finds upon the record a judgment in favor of a non-resident creditor, he makes that creditor a party; the controversy, as far as that party is concerned, is only between the judgment creditor and the mortgagee, which does not dispose of the whole case, because, after all, the main object of the suit was to foreclose the mortgage, and the controversy initiated by the suit was between the mortgagor and the mortgagee, or the holder of the mortgage. So that it seems to us that there can be no doubt but that, in these cases, where a non-resident is merely incidentally or partially interested, he cannot remove the case, and ought not to be allowed to.

This case is interesting only, because it is the first one of this character which has come before us, and we are of opinion that this case certainly does not make such a case as entitles the party to a removal.

I do not wish to be understood, however, as saying that a case may not be made that would entitle a non-resident to a removal, but what a non-resident may have such an interest as that the determination of his or

her interest may determine the whole suit or controversy, in which event the right of a removal would undoubtedly exist. I only intend to say that this case is not made out, and that in a general way we do not think that a mere incidental party who is brought in to contest the title under the burnt records act, is entitled to a removal because he is a non-resident.

The case will be remanded to the superior court.

An appeal was prayed and allowed to the supreme court of the United States.

NOTE [from original report]. As to the right of removal from the state to the federal courts, consult also: Illinois v. Chicago & A. R. Co. [Case No. 7,006]; City of Chicago v. Gage [Id. 2,664]; Scott v. Clinton & S. R. Co. [Id. 12,527]; Kingsbury v. Kingsbury [Id. 7,817]; Gaughan v. Northwestern Fertilizing Co. [Id. 5,272]; Akerly v. Vilas [Id. 120]; Boggs v. Willard [Id. 1,603]; In re Cromie [Id. 3,405]; Toucey v. Bowen [Id. 14,107]; Hough v. Western Transp. Co. [Id. 6,724].

[NOTE. The defendant Portia Gage appealed to the supreme court, where the order remanding the cause was affirmed. on the authority of the Removal Cases, 100 U. S. 457. The opinion was delivered by Mr. Chief Justice Waite, and is as follows: "Carraher occupies one side of the controversy about which the suit is brought (that is to say, the title to the property in question), and Portia Gage, Henry H. Gage. and John Forsythe are citizens of the same state with Carraher. There is no controversy in the suit which is wholly between citizens of different states, and which can be fully determined as between them." Gage v. Carraher, 25 U. S. (Lawy. Ed.) 989.]