FIRST PRESBYTERIAN SOCIETY OF GREEN BAY and another
*v.* GOODRICH TRANSPORTATION Co.

*(Circuit Court, E. D. Wisconsin.* May 12, 1881.)

1. REMOVAL—ACT OF MARCH 3, 1875, § 2, CLAUSE 2.

Insured property was destroyed by a fire alleged to have been occasioned by the negligence of the defendant. The insurance covered only part of the value of the property, and was paid by the insurer to the owner. The owner of the property, who was a citizen of Wisconsin, and the insurance company, which was a citizen of New York, joined in an action begun in the state court to recover the total loss. The defendant was a citizen of Wisconsin, and attempted to remove the cause to the federal court *Held*, that the case did not involve a controversy which, within the meaning of the second clause of section 2 of the removal act of 1875, was wholly between citizens of different states, and which could be fully determined as between them without the presence of the plaintiff, who was a citizen of the same state with the defendant; and therefore that the case was not removable under that act.

Motion to Remand.

*Cameron, Losey & Bunn,* for motion.

*Finches, Lynde & Miller, contra.*

DYER, D. J. This is an action brought to recover damages for the loss of a church edifice and parsonage, belonging to the plaintiff society, by a fire alleged to have been negligently set by the defendant company's steamer Oconto while she was navigating Fox river at Green Bay. The plaintiff insurance company was an insurer of the property, and has since paid the loss to the extent of the insurance, which was $5,000, and to the extent of such payment has become subrogated to the rights of the society. The entire loss is alleged to have exceeded the amount of the insurance in the sum of about $4,400, and the plaintiffs join to recover the total loss. The action was commenced in the state court, and removed to this court under the removal act of 1875, at the instance of the defendant. The plaintiffs move to remand, and this is the motion now to be determined. The plaintiff society and the defendant company are corporations within this state. The plaintiff insurance company is a corporation of the state

v.7,no.3—17

of New York. In the petition for removal it is stated that there is a controversy between the parties which is of such character that a final determination thereof can be had as to the plaintiff society and the defendant without the presence of the plaintiff insurance company, and which is also of such character that a final determination thereof can be had, as between the plaintiff insurance company and the defendant, without the presence of the plaintiff society.

The complaint alleges the destruction by fire of the church and parsonage buildings belonging to the plaintiff society; that the fire was caused by sparks emitted from the defendant's steamer, and resulted from defendant's negligence; that the total loss was $9,457.23; that at the time of the loss the plaintiff society held a policy of insurance, issued by the plaintiff insurance company, insuring the property to the extent of $5,000; that the amount of the insurance was duly paid, and that the plaintiff society thereupon made to the plaintiff insurance company an assignment of its claim against the defendant by reason of the loss, to the extent of the insurance paid, and judgment is demanded for the full value of the property destroyed.

If the removal of the case to this court can be sustained at all, it must be under the second clause of section 2 of the act of 1875, which is as follows:

"And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then, either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district."

The disposition of the present motion involves an inquiry into the nature of the plaintiffs' cause of action. It has been long settled, both in England and in this country, that such a cause of action is single and indivisible, and that in a case like the present the insurer could not, at common law, sue the wrong-doer in his own name to recover the amount paid to the assured, but must bring his action in the name of the assured. *London Assurance Co.* v. *Sainsbury*, 3 Doug. 245; *Mason* v. *Sainsbury*, Id. 60; *Yates* v. *Whyte*, 4 Bing. (N. C.) 272; *Hart* v. *Western R. Corporation*, 13 Met. 105; *Rockingham Mut. Fire Ins. Co.* v. *Bosher*, 39 Me. 254; *Conn. Mut. Life Ins. Co.* v. *N. Y. & N. H. R. Co.* 25 Conn. 270; *Peoria Ins. Co.* v. *Frost*, 37 Ill. 333.

In the case last cited, *Lawrence,* J., speaking for the court, says:

"It very often happens that valuable property is insured in several companies at the same time. If the property is burned through the carelessness of some third person, can such person be liable to as many suits as there are insurances? Is there more than once cause of action against him? And can that be indefinitely divided? What is the measure of damages? Is it the injury done by him to the property, or the amount the insurance companies have paid? Clearly the former. If the several insurance companies have paid more than the actual loss, they cannot make him liable for what they have paid. He is liable to the owner of the property for the injury he has done to it, and, although a wrong-doer, it is still his right to have that loss adjusted in a single suit. The companies may unite in bringing an action for their use in the name of the assured. The recovery will be for the injury done to the property, and when the judgment is obtained the court will determine, as between the different companies, how the proceeds of the judgment are to be divided."

In *Hall* v. *Railroad Co.* 13 Wall. 370, it was held that an insurer of goods, destroyed by fire in course of transportation by a common carrier, is entitled, after payment of the loss, to recover what he has paid by suit in the name of the assured against the carrier. And in the opinion it is said that—

"In respect to the ownership of the goods and the risk incident thereto, the owner and the insurer are considered but one person, having together the beneficial right to the indemnity due from the carrier for a breach of his contract, or for non-performance of his legal duty."

In *Ins. Co.* v. *Erie Ry. Co.* 73 N. Y. 399, it was held that the action was rightfully brought in the name of the insurer alone; but the fact was that the owner had fully settled his personal claim against the defendant, and so the insurance company was the only remaining party in interest. The action being one under the Code of that state, which required suit to be brought in the name of the real party in interest, and the owner having no interest, it was held that the insurance company might sue.

In this state it has been decided (*Swarthout* v. *The C. & N. W. Ry. Co.* 49 Wis. 625) that where the owner of property destroyed by fire, and several insurers, have rights of action for different portions of the value, all arising out of the same wrongful act, they may join in a single action against the wrong-doer. And it appears to be the view of

the court that under the state Code the insurer, on payment of the loss insured against, may sue in his own name. At the same time, however, the court characterizes the act of the wrong-doer as a single wrongful act, giving rise to but one liability upon a claim which is indivisible, and it seems to be upon this ground that the court put the right of the insurers and the assured to join in a single action to recover the whole loss; for it is said that—

"To hold that these plaintiffs cannot * * * unite in one action to enforce what is really *but one liability or cause of action,* but that each must bring a separate suit, would open the door to a litigation which would be most oppressive to the defendant, and which would produce much mischief."

In *Ætna Ins. Co.* v. *Hannibal & St. J. R. Co.* 3 Dillon, 1, it was said by Judge Dillon, that, in a case where the property destroyed exceeded in value the amount insured, the rule of law has been long settled that the insurance company, on the payment of the loss, cannot sue the wrong-doer in its own name, and he decided that—

"The suit, though for the use of the insurer, must be in the name of the person whose property was destroyed. The wrongful act was single and indivisible, and gives rise to but one liability."

And he so held, notwithstanding the provision of the Missouri statute which requires every action to be prosecuted in the name of the real party in interest. Upon this point he says:

" However it might be if the amount paid by the insurer had equalled or exceeded the value of the property, and the assured had made a full assignment, it is plain that this case falls within all the reasons of the rule itself, as expounded by Buller and Mansfield in the case in Douglas, * * * and which is the foundation of the law on this subject."

From what has been said, the conclusion follows that where the negligent act, in a case like the present, is single and indivisible, there really arises but one liability or cause of action. At common law this liability would have to be enforced in the name of the owner of the property. Admitting that, under the Code, the insurer's right in certain cases might be enforced by action in his own name, such rule of practice or form of remedy would not have the effect to sever the original cause of action : it would affect only the manner

of bringing suit. Since the Code, as before, the insurer could acquire, not a new and separate cause of action, but a right or interest with the owner of the property in a single cause of action or liability already existing. The act of the defendant here gave rise to but one liability, if any. The owner of the property and the insurer have joined to recover the whole loss, as they may properly do, and the character of the cause of action being as stated, the question is, does the whole record show such a controversy arising wholly between the defendant and the plaintiff insurance company as makes the case removable within the meaning of the provision of the act of 1875, before quoted? The cause of action being a joint one, and the plaintiffs joining to recover for the loss, what is the real controversy between the parties? What is the controversy which must be determined in order to determine the suit? Plainly it is the question whether or not the property of the plaintiff society was destroyed by a fire caused by the negligence of the defendant, and the amount of the loss. It is the question of liability for alleged negligence, and the extent of such liabilty, if any exists. That is the real controversy. Much dispute has arisen as to the meaning of the provision of the statute which declares that "when in any suit * * * * * * * there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them," the case may be removed; and perhaps some of the decisions, which are fast becoming multitudinous, are somewhat inharmonious.

Authorities are not wanting which strongly support the proposition that the controversy between parties who are citizens of different states must be one which is so far the real and substantial controversy in the case that when it is determined the suit will be determined. *Carraher* v. *Brennan*, 7 Biss. 497; *City of Chicago* v. *Gage*, 6 Biss. 467; Dillon on Removals, (3d Ed.) § 25. However that may be, I think it cannot be said of the case at bar that there is a controversy which is wholly between citizens of different states. The cause of action being single, and the plaintiffs being joint

parties in interest in the prosecution of the suit, the controversy is as much between the defendant and the plaintiff society as between the defendant and the plaintiff insurance company; and therefore the controversy is not so completely between citizens of different states that, when the questions on which they are opposed are decided, the whole controversy between the real adversary parties will be thereby determined. Dillon on Removals, *supra*. On the argument it was contended that as, by the answer of the defendant, issues are raised touching the issuance of the policy of insurance by the plaintiff insurance company, the amount of the insurance, the payment thereof, and the assignment of the claim of the plaintiff society to its co-plaintiff against the defendant to the extent of the insurance, the questions thus raised make a controversy between the plaintiff insurance company and the defendant in which the plaintiff society is not interested. But those, I think, are rather branches or incidents of the actual controversy, than the vital issues which constitute the controversy; and, moreover, it is more than questionable whether they are questions in which the plaintiff and defendant, who are citizens of different states, are alone interested.

Cases having a bearing upon the question of the right of removal, as it arises in the case at bar, are *Merchants' Nat. Bank* v. *Thompson*, 4 FED. REP. 876; and *Bailey* v. *New York Savings Bank*, 2 FED. REP. 14.

On the whole, my opinion is that there is not presented here, within the meaning of the second clause of section 2 of the act of 1875, a controversy which is wholly between citizens of different states, and which can be fully determined as between them without the presence of the plaintiff, who is a citizen of the same state with the defendant.

Since the foregoing opinion was written, the decisions of the supreme court of Wisconsin in *Pratt* v. *Radford*, Wis. Leg. News, May 5, 1881,* and of the supreme court of the United States in *Barney* v. *Latham*, Chi. Leg. News, May 21, 1881, have been promulgated. In the first-named case it is held that in a suit like that at bar the insurance company and

*S. C. 8 N. W. Rep. 592.

the owner of the property must join in bringing the action, as having a united interest in the cause of action and in the recovery sought. The decision in *Barney* v. *Latham* does not, as I conceive, affect the conclusion reached in the present case, because here there is no such separable controversy between citizens of different states as brings the case within the principle and scope of that decision.

Motion to remand granted, and order accordingly.