## MITCHELL *v.* TILLOTSON and others.

*(Circuit Court, S. D. Illinois. July 7, 1882.)*

REMOVAL OF CAUSE—NECESSARY PARTIES—CONTROVERSY TO BE FULLY DETERMINED.

Where óne of two necessary party defendants is a citizen of the same state with the complainant, and there is no separable controversy between the complainant and the other defendant, citizen of another state, which can be fully determined as between them without the presence of the defendant who is a citizen of the same state with the complainant, the federal court has no jurisdiction.

HARLAN, Justice, *(orally.)* This suit in equity was commenced in the circuit of McLean county, Illinois, and was thence removed, upon the the petition of Tillotson and the insurance company, to the circuit court of the United States for the southern district of Illinois. The complainant moved to remand the cause to the state court, upon the ground that it was not removable under the statutes regulating the jurisdiction of the courts of the United States. The complainant is, and was at the commencement of the suit, a citizen of Illinois, as were also the defendants Tillotson and Winegardner. The insurance company, the remaining defendant, is a corporation created by the laws of Massachusetts. The facts bearing upon the question of jurisdiction are these: Winegardner having borrowed of the insurance company the sum of $3,500, (for which he gave his bond, or note, with interest coupons attached,) executed a deed of trust conveying to Tillotson two lots, or parcels of land, in Bloomington, Illinois, in trust to secure the repayment of the amount so borrowed. The deed provided that in case of default in the payment of the bond, or of any interest coupon at maturity, the principal should become due, and the trustee should, upon the application of the legal holder of the bond, after having advertised for 30 days in a public newspaper in McLean county, sell the premises, and all the right, title, and equity of redemption and homestead of Winegardner, to the highest bidder, for cash, execute to the purchaser a conveyance in fee for the premises so sold, and apply the proceeds to the mortgage debt. A default in paying interest having occurred, the trustee, in conformity with the demand of the company, advertised the property for sale. The present suit was brought by Mrs. Mitchell, for the purpose of enjoining the sale of one of the lots. Her suit proceeds upon the ground that the lot in question is her separate property, and that whatever rights were acquired in or to

v.12,no.9—47

that lot by Tillotson or the insurance company under the before-mentioned deed of trust are subordinate and inferior to hers.

*Held,* that the citizenship of Winegardner seems to be immaterial, since his title appears from the pleadings to have passed absolutely either to complainant, or, under the deed of trust, to Tillotson. He has no interest whatever in the result of the present controversy. But Tillotson acquired such interest in the property as makes him an indispensable party defendant with the company. The complainant could not obtain the relief asked without joining him as a defendant with the insurance company. In other words, there is in the suit no separable controversy between the complainant and the insurance company which can be fully determined as between them without the presence of the trustee as a party defendant. The trustee and the company are inseparably connected in resisting the relief sought. It is therefore a material circumstance that Tillotson is a citizen of the same state with the complainant.

That fact defeats the jurisdiction of the federal court, and the cause must be remanded to the state court. *Coal Co.* v. *Blatchford,* 11 Wall. 172; *Sewing-machine Cases,* 18 Wall. 5; *Ribon* v. *Railroad Co.* 16 Wall. 446; *Knapp* v. *Railroad,* 20 Wall. 130; *Gardner* v. *Brown,* 21 Wall. 36; *The Removal Cases,* 100 U. S. 457; *Barney* v. *Latham,* 103 U. S. 205; *Evans* v. *Faxon,* 10 FED. REP. 312; *Blake* v. *McKims,* 103 U. S. 339.

In the case last cited it was said:

"We are of opinion that congress, in determining the jurisdiction of the circuit court over controversies between citizens of the different states, has not distinctly provided for the removal from a state court of a suit in which there is a controversy not wholly between citizens of different states, and to the full or final determination of which one of the indispensable parties, plaintiffs or defendants, on the side seeking the removal, is a citizen of the same state with one or more of the plaintiffs or defendants against whom the removal is asked."

The cause must be remanded to the state court. It is so ordered.

It is proper to say that in what I have said the circuit judge and the district judge concur.