## PRICE *v*. FOREMAN and others.

*(Circuit Court, S. D. Illinois.* July 7, 1882.)

REMOVAL OF SUIT FROM STATE COURT.

Federal courts are without jurisdiction where a necessary party defendant is a citizen of the same state with complainant, between whom and the other defendant, a citizen of another state, there is no separable controversy.

*G. Koerner,* for complainant.

*Geo. B. Strong,* for American Bible Society and Missionary Society of M. E. Church.

HARLAN, Justice, *(orally.)* This presents a question of removal under the acts of congress regulating the jurisdiction of the circuit courts of the United States.

Isaac Foreman died in St. Clair county, in this state, having made his last will and testament, which was duly probated, and by which, in its first clause, was devised to his wife, Rebecca Foreman, certain personal property absolutely, and also the homestead for life. By the second clause, the defendants Thomas, Peiper, and Harrison were appointed executors and trustees for the purposes thereinafter named. By the third clause the executors are directed and empowered to sell and convey the whole of the testator's real and personal estate not thereinbefore disposed of, and convert the same into money. The fourth clause, after providing for the payment of the testator's just debts, gives and bequeaths to the executors the sum of $2,000, *in trust* for the use and benefit of his daughter, Mary Price, during her natural life, to be safely loaned or invested, the interest or profits annually to be paid to her during her natural life; and after her death, the interest or proceeds to be paid annually for the maintenance and education of her child or children, and such principal sum to be paid to her child or children when he, she, or they become of age. Should the daughter die, leaving no child or children, or should all of them die before arriving at full age, then the said sum of $2,000 is made payable, two-thirds thereof to the American Bible Society, and the remaining one-third to the Missionary Society of the Methodist Episcopal Church of the United States of America. The last clause gave and bequeathed the proceeds in money of all the real and personal estate not thereinbefore specifically devised, as follows: Two-thirds to the Bible Society and the remaining third to the Missionary Society. After the death of

the wife the executors were authorized and empowered to sell and convey the real estate devised to her, the proceeds to be divided between the before-mentioned corporations in the proportions above indicated.

The present suit was instituted by Mary Price, the daughter and only child and heir at law of decedent, for the purpose of obtaining a decree declaring the will not to be his true last will. The sole ground upon which it is impeached is that the deceased was mentally incapable of making a will.

The complainant is, and was at the commencement of the action, a citizen of Illinois, as are and were the defendants Rebecca Foreman (the widow) and the three executors, Thomas, Peiper, and Harrison. The Bible Society and the Missionary Society, also defendants, are corporations of the state of New York. The case was removed from the state court and docketed here upon the petition of the two New York corporations, and a motion has been made to remand the cause to the state court for want of jurisdiction in this court.

*Held:* 1. The widow having renounced the provisions of the will and taken what the statute allows she can have no interest in the result of the suit. She cannot be affected by its determination, because what she has received can neither be increased nor diminished, however this suit may result. She is therefore to be deemed a nominal party only.

2. It is said that the executors are only clothed by the will with power of sale, and have no such beneficial interest in the present controversy as makes it necessary, within the meaning of the adjudged cases, to inquire as to their citizenship. Passing by this suggestion, so far as it relates to the authority conferred upon the executor to sell the real and personal estate of the testator, and to pay over the proceeds of such sale to the corporations named in the will, it is clear that they hold different relations to the money ($2,000) bequeathed to them in trust for the use and benefit of Mary Price during her life. The issue made by the complainant necessarily embraces the entire suit, and all the defendants except the widow. The defendant executors and trustees, and the foreign corporations, are all indispensable parties. The issue made is, will or no will. As trustees for Mary Price (if not as executors charged with certain duties and invested with authority to sell and convey certain property) the defendants Thomas, Peiper, and Harrison have a direct legal interest in opposition to complainant's claim that the testator was

incompetent to make a will. There is, it is true, *a* controversy between the two foreign corporations and the complainant, but obviously it is not a controversy in which they alone are concerned, and which can be fully determined as between them without the presence of the other defendants in their capacity as trustees for the complainant. The suit embraces a single indivisible controversy, on one side of which is the complainant, a citizen of Illinois, and on the other side of which, as indispensable parties defendant, are corporations of New York and citizens of Illinois. Upon the authority of *Blake* v. *McKim,* 103 U. S. 338; *Barney* v. *Latham,* Id. 205; *Removal Cases,* 100 U. S. 457; *Evans* v. *Faxon,* 10 FED. REP. 312, and other cases, (10 Wall. 172; 18 Wall. 5; 16 Wall. 446; 20 Wall. 130; 21 Wall. 36,) the cause must be remanded to the state court for hearing. It is so ordered.

In this disposition of the case the circuit and district judges concurred.