THOMPSON and others *v.* DIXON and others.

*(Circuit Court, W. D. Wisconsin.* July 10, 1886.)

1. REMOVAL OF CAUSE—REMAND—NON-RESIDENT MORTGAGEE A DEFENDANT.
   On a motion to remand to the state court from which it was removed, an action for the foreclosure of a real-estate mortgage, where the plaintiff and the defendant, the mortgagor, are residents of the same state, and another defendant a resident of another state, and a mortgagee sets up in his answer a claim against the mortgaged property adverse to that of plaintiff, as well as the mortgagor, the facts do not give the United States circuit court jurisdiction, and the motion must be granted. *Wilson* v. *St. Louis & S. F Ry. Co.,* 22 Fed. Rep. 3; S. C. 114 U. S. 60; 5 Sup. Ct. Rep. 738.

2. SAME—BASIS OF JURISDICTION.
   The court cannot look at the contract between the non-resident mortgagee and the mortgagor to determine the question of jurisdiction.

*Orton & Osborn,* for plaintiffs.
*Tenney, Bashford & Tenney,* for the Home Nat. Bank of Chicago.

BUNN, J. This action is brought to foreclose a mortgage upon a certain flouring-mill and premises, situate in La Fayette county, Wisconsin. The plaintiffs, the mortgagees, and the defendants Dixon and his wife, the mortgagors, all reside in Wisconsin. The defendant Saterlee Warden, who has also a mortgage on the premises, and puts in an answer, resides in the state of Kansas. The defendant James B. Ginn resides in the state of Illinois, and appears by answer, setting up a lien by judgment rendered in the state court upon a mechanic's and furnisher's lien upon the mortgaged premises subsequent to the making of the mortgage. The defendant the Home National Bank of Chicago is a corporation of Illinois, and puts in an answer, alleging that the Gratiot Manufacturing Company, also a corporation of Illinois, after the making of plaintiffs' mortgage, sold to Dixon, the mortgagor and owner of the equity of redemption, a large quantity of mill machinery, consisting of roller-mills, mill-wheels, and other machinery, to be put into, and which was put into, the mill;

amounting to something over $3,000 in value; that it was the agreement between the Gratiot Manufacturing Company and Dixon that the machinery so sold should be put into the mill in such a manner that it might be removed without injury to the premises, and that the manufacturing company should hold the title to the machinery until paid for; and that the plaintiff consented to this arrangement, and agreed to pay some portion of the purchase price of the machinery. They also allege that $600 only of the purchase price being paid by Dixon, the Gratiot Manufacturing Company took his notes of $600 and $1,881.73 for the balance, and afterwards a mortgage on the property in foreclosure to secure the notes.

The suit was begun in the state circuit court for La Fayette county, and the Home National Bank filed a petition and bond for removal to this court, alleging that there is a controversy wholly between the bank on the one side, and the plaintiffs with defendant Dixon on the other side, which is severable, and may be determined without the presence of the other parties. The plaintiffs move to remand the case to the state court on the ground that there is no such separate and distinct controversy as is claimed by the defendant bank.

I think the case not materially distinguishable in principle from several cases already decided by the United States supreme court, wherein the jurisdiction of the federal court has been declined, and that it should be ruled by the cases of *Ayres* v. *Wiswall,* 112 U. S. 187; S. C. 5 Sup. Ct. Rep. 90; *Fidelity Ins. Co.* v. *Huntington,* 117 U. S. 280; S. C. 6 Sup. Ct. Rep. 733,—and other kindred cases. See the following cases, among others, recognizing and illustrating the same principle: *Thayer* v. *Life Ins. Ass'n,* 112 U. S. 717; S. C. 5 Sup. Ct. Rep. 355; *Central R. Co.* v. *Mills,* 113 U. S. 249; S. C. 5 Sup. Ct. Rep. 456; *Louisville & N. R. Co.* v. *Ide,* 114 U. S. 52; S. C. 5 Sup. Ct. Rep. 735; *Putnam* v. *Ingraham,* 114 U. S. 57; S. C. 5 Sup. Ct. Rep. 746; *St. Louis & S. F. Ry. Co.* v. *Wilson,* 114 U. S. 60; S. C. 5 Sup. Ct. Rep. 738; *Pirie* v. *Tvedt,* 115 U. S. 41; S. C. 5 Sup. Ct. Rep. 1034, 1161; *Crump* v. *Thurber,* 115 U. S. 56; S. C. 5 Sup. Ct. Rep. 1154; *Rand* v. *Walker,* 117 U. S. 340; S. C. 6 Sup. Ct. Rep. 769; *Price* v. *Foreman,* 11 Biss. 328; S. C. 12 Fed. Rep. 801; *Mitchell* v. *Tillotson,* 11 Biss. 325; S. C. 12 Fed. Rep. 737; *Carraher* v. *Brennan,* 7 Biss. 497; *Chester* v. *Chester,* 7 Fed. Rep. 1; *Freidler* v. *Chotard,* 19 Fed. Rep. 227; *In re McClean,* 26 Fed. Rep. 49; *Lyddy* v. *Gano,* Id. 177; *Perrin* v. *Lepper,* Id. 545; *Winchell* v. *Carll,* 24 Fed. Rep. 865.

There is but one cause of action in the case, which is the foreclosure of the mortgage and the proper adjustment of the several *liens* upon the property. To this action the mortgagor, who is the holder of the equity of redemption, and who is liable for any deficiency, is a necessary party. He is, indeed, the principal party defendant, resides in the same state with the plaintiffs, and cannot be ranged on the same side with the plaintiffs, for the purpose of making a case for

removal to the federal court. James B. Ginn is also a necessary party to a complete determination of the controversy, holding, as he claims, a lien upon the mortgaged premises by judgment in the state court, rendered for services as mechanic in putting the same machinery into the mill, and for lumber, nails, and other materials furnished and put in by him, for which the statute of the state gives him a lien upon the mill and mill property. He is, I think, a necessary party to the foreclosure, and also to the claim made by the bank, if that can be considered a distinct cause of action.

We are asked to look into the contract between the Gratiot Manufacturing Company and Dixon, a copy of which is attached to the answer of the bank, for the purpose of determining that the rights of the bank are superior, not only to those of the plaintiff and the defendant the mortgagor, but to those of the defendant Ginn, as well. But we might, with the same propriety, be called upon to look into the mortgage itself to determine that the rights of plaintiffs are superior to those of the mortgagor, and so conclude that the latter has no interest in the controversy adverse to the former, and is not a necessary party to the foreclosure. We cannot say, in advance of the hearing, what defense may be made to the contract. We cannot look into the evidence *ex parte* to determine the merits, and to say just how the rights of the various lienholders should be adjudged. The priority and order of these liens, and their proper adjustment, may depend upon very nice considerations, and can only be adjudged after full hearing of the merits. It is enough to say that Ginn has put in an answer claiming a specific lien by judgment upon the property generally.

That his lien might be postponed, and made subject to the lien of the bank, upon a full consideration of the merits, is nothing to the purpose of the question before us. Upon that question we can only look at the record and pleadings; and, in order to take jurisdiction, the court should be able to see from these that there is a separate controversy between citizens of different states,—a separate and distinct cause of action,—on which a separate and distinct suit might have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. The case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other, which can be fully determined without the presence of other parties to the suit as it has been begun. *Fraser* v. *Jennison*, 106 U. S. 191; S. C. 1 Sup. Ct. Rep. 171; *Ayres* v. *Wiswall*, 112 U. S. 187; S. C. 5 Sup. Ct. Rep. 90.

This is not such a case. Here is but one cause of action, which is the foreclosure of the mortgage, and the proper adjustment of the various liens and claims upon the property, and, incidentally, to recover judgment against the mortgagor for any deficiency. The fact

that several answers are filed by the different lienholders, which raises separate issues, does not create separate controversies, within the meaning of sub. 2, § 2, Act 1875.

The rule is very clearly laid down by Mr. Justice MILLER, on the circuit, in *Wilson* v. *St. Louis & S. F. Ry. Co.*, 22 Fed. Rep. 3, afterwards affirmed by the supreme court, (114 U. S. 60, and 5 Sup. Ct. Rep. 738,) as follows:

"That if a non-resident party has an interest in a controversy which is separate and distinct, and does not necessarily involve the interest of the other defendants in the issue, or the other party on the same side, he can remove the whole case into the federal court. On the other hand, if the interests of the other party are so identified and so mixed up that they must and should be decided together, and depend on the final decree, which must depend upon and involve the rights of both parties, then it cannot be removed when one of the parties is a citizen of the same state with the plaintiff or defendant."

This, I think, is the case here. The rights of all the parties are intimately blended with the foreclosure, and all should be determined, and made to depend, on one final decree. The plaintiffs and the principal defendants, the mortgagors, all reside in Wisconsin; and the separate answers of the different claimants and lienholders upon the same property do not constitute separate and distinct controversies, within the meaning of the law. And if the claim made by the bank could be considered as a separate cause of action, still the defendant James B. Ginn has such an interest in that controversy adversely to the bank, and being a resident of the same state, as to prevent a removal.

The case will be remanded to the circuit court for La Fayette county, from whence it came to this court.