### GAUGLER et al. v. CHICAGO, M. & P. S. RY. CO.

(District Court, D. Montana. July 18, 1912.)

No. 1,056.

1. REMOVAL OF CAUSES (§ 107*)—MOTION TO REMAND—RENEWAL.

> That a former federal district judge overruled a motion to remand the cause to a state court does not preclude his successor from granting leave to renew the motion; the court's jurisdiction being always open to challenge.
>
> [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–234; Dec. Dig. § 107.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** COURTS (§ 322*)—FEDERAL COURTS—JURISDICTION—"RESIDENT."

A complaint stating that plaintiff is a "resident" of a specified state is insufficient to show that he is a citizen of that state as affecting the question of jurisdiction of a federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876–881, 887; Dec. Dig. § 322.*

For other definitions, see Words and Phrases, vol. 7, pp. 6161–6166; vol. 8, p. 7788.]:

**3.** REMOVAL OF CAUSES (§§ 31, 51*)—SEPARABLE CONTROVERSIES.

An action by a citizen of Montana as insured under four fire policies issued by nonresident companies, who having paid less than a total loss joined to recover the total loss in an action against a railway company for having negligently destroyed the insured's property, the insurance companies having been subrogated pro tanto to the rights of the insured, does not state a separable controversy authorizing defendant to remove the cause to a federal court on the ground of diversity of citizenship on the theory that insured seeks to sue at law, while insurers ask equitable relief, nor authorize removal on the ground that insurers are not necessary parties, since the statutes of Montana, where the suit was brought, provide that there shall be but one form of action to be prosecuted in the name of the real party in interest.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 71, 101; Dec. Dig. §§ 31, 51.*

Separable controversy as ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

**4.** INSURANCE (§ 606*)—FIRE LOSSES—SUBROGATION—RIGHTS OF INSURER.

Where fire insurers who paying less than the amount of a total loss negligently caused by a railway company are subrogated pro tanto to insured's rights, they become equitable assignees; the assignment having the aspect, in effect, of one by the most formal and express deed.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516; Dec. Dig. § 606.*]

**5.** COURTS (§ 359*)—FEDERAL COURTS—APPLICABILITY OF STATE LAW.

In common-law causes, the federal courts follow the laws of the states wherein the courts are held.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 359.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

**6.** ASSIGNMENTS (§ 127*)—JURISDICTION—UNLIQUIDATED DEMANDS.

Except under extraordinary circumstances, the assignee of part of an unliquidated demand sounding in tort cannot sue the tort-feasor in equity.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 193, 194; Dec. Dig. § 127.*]

**7.** ASSIGNMENTS (§ 127*)—JURISDICTION—EQUITABLE ASSIGNMENTS.

Equity has no jurisdiction of a joint action by an equitable assignee and his assignor.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 193, 194; Dec. Dig. § 127.*]

At Law. Action by H. E. Gaugler and others against the Chicago, Milwaukee & Puget Sound Railway Company. On application for leave to renew a motion to remand to the state court. Leave granted, and motion granted.

Frank & Cary, of Butte, Mont., for plaintiffs.

Rudolf Von Tobel, of Lewiston, Mont., and Gunn & Hall, of Helena, for defendant.

BOURQUIN, District Judge. [1] This is an application for leave to renew a motion to remand heretofore denied by the predecessor of the judge now presiding herein. Upon presentation of said application the merits of the motion were argued. The court's jurisdiction is always open to challenge, and while the judge who must try a cause, if tried, reluctantly reviews intermediate matters disposed of by his predecessor, if it appears there is no jurisdiction, it must be so determined, though in effect it sets aside the ruling of the former judge. This is a case wherein an insured and insurers (four nonresident corporations), who have paid less than the total loss, join to recover the total loss in an action against the trespasser whose negligence destroyed the insured property. The insured is a citizen of Montana, and the insurers and defendant are citizens of other states.

[2] It may be noted that the citizenship of the insured does not appear from the record. The complaint alleges only that he is a "resident" of Montana, and the petition for removal is silent thereon. For all that appears of record the insured may be a citizen of any state, and so the cause should be remanded in any event. On argument, however, the parties assumed that the insured was a citizen of Montana when the suit was brought, and the court so assumes as it could permit amendment of the petition.

[3] The defendant petitioned for removal, alleging a separable controversy between it and the insured, in that the latter was owner and holder of the legal title to the right of action involved, for which he could maintain an action at law as sole plaintiff, and that it was separable "from the equitable causes of action of said plaintiff insurance companies arising by virtue of their having been subrogated pro tanto to the rights of said plaintiff," the insured.

Upon the merits defendant contends that the insured seeks to maintain an action at law and the insurers one in equity, which cannot be blended in, nor deprive the defendant of its right to remove the insured's law action to this court.

It further contends that the insurers are not more than proper parties whose citizenship is not to be regarded on removal. Plaintiffs contend that the Montana laws require all actions to be prosecuted in the name of the real party in interest, and that the insurers are such parties and indispensable parties, that there is no separable controversy, and, though the insurers' interests are the creations of equity, the action is properly at law, and that, even if not compelled to join, they may join, and that such joinder is fatal to jurisdiction of this court on removal.

In denying the motion to remand, the decision went on the ground that the action must be prosecuted in the name of the insured, and that the insurers were not necessary nor indispensable parties, and their citizenship would be disregarded.

197 F.—6

The statutes of Montana provide that there is but one form of civil action; that every action must be prosecuted in the name of the real party in interest save certain express exceptions not material here further than to invoke the rule of expressio unius, etc.; that an action by an assignee of a thing in action is subject to defenses not material here; that all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs and those united in interest must be joined, save that any refusing may be made a defendant; that new parties may be brought in and intervention had; that tenants in common may sue jointly or severally; and that things in action arising out of a violation of property rights may be transferred. It is clear there is no separable controversy herein. There is but a single cause of action involved, viz., the right of the insured, the invasion thereof by the negligence of defendant in the destruction of the insured's property, and the damages thereby inflicted. That the insurers as equitable assignees of the insured are interested therein to the extent of their payments to the insured, and are interested in proving the negligence and in sharing the damages, does not create other causes of action, legal or equitable, against defendant. It is still one cause of action, a single controversy, owned in common by the insured and the insurers. However and wherever an action is brought to compel defendant to respond for its trespass, there can be but one action and in the right of the insured, and one recovery for all those interested. See First, etc., v. Co. (C. C.) 7 Fed. 260, and cases cited; Insurance Co. v. Railway Co. (C. C.) 101 Fed. 509. In denying the motion to remand it would seem that the court so viewed the case, for it ignored the claim of separable controversy, and rested its decision on diverse citizenship alone.

[4] These insurers by subrogation are equitable assignees, proportionate to the payments by them made to the insured, of parts of the insured's right of action against defendant, the insured retaining part to himself. This assignment takes on all the aspect, in effect, of one by the most formal and express deed. Hall v. Railway Co., 13 Wall. 370, 20 L. Ed. 594; Railway Co. v. Insurance Co., 139 U. S. 235, 11 Sup. Ct. 554, 35 L. Ed. 154; Railway Co. v. Car Co., 139 U. S. 87, 11 Sup. Ct. 490, 35 L. Ed. 97; Wager v. Insurance Co., 150 U. S. 108, 14 Sup. Ct. 55, 37 L. Ed. 1013; U. S. v. Tobacco Co., 166 U. S. 474, 17 Sup. Ct. 619, 41 L. Ed. 1081.

[5] How these assignees shall assert their partial interests is a matter of parties and process, and depends upon the laws of Montana; for therein, and by virtue of the conformity statute, in common-law causes the federal courts follow the state law wherein the court is held. Thompson v. Railway Co., 6 Wall. 138, 18 L. Ed. 765; Albany, etc., Co. v. Lundberg, 121 U. S. 454, 7 Sup. Ct. 958, 30 L. Ed. 982; Delaware Co. v. Safe Co., 133 U. S. 488, 10 Sup. Ct. 399, 33 L. Ed. 674; Glenn v. Marbury, 145 U. S. 508, 12 Sup. Ct. 914, 36 L. Ed. 790; Railway Co. v. Eckman, 187 U. S. 434, 23 Sup. Ct. 211, 47 L. Ed. 245. These cases declare the rule that, though an assignee of a chose whose right is equitable in that the legal title is

in the assignor might sue in equity and at common law must sue in the name of the assignor, yet, if the state law permits him to sue in his own name, it furnishes a complete and adequate remedy, and he cannot merely because his interest is an equitable one maintain a suit in equity therefor in the federal courts on removal or otherwise. So that if the laws of Montana authorize the maintenance of this action as brought, and if the insurers are not mere nominal parties otherwise fully represented in the action, this court is without jurisdiction, and the case must be remanded.

The point here involved does not seem to have been expressly decided by the Montana Supreme Court, but in Caledonia Insurance Co. v. Railway Co., 32 Mont. 46, 79 Pac. 544, an insurance company appears to have maintained without question an action, in its own name and alone, against a trespasser for recovery for a partial loss payment by it made to the insured. And it is common knowledge of the bench and bar of Montana that, on the theory that assignees in whole or in part of a chose in action are real parties in interest within the statutes of the state, since the enactment of said statutes, assignees of the entire chose have sued in their own names and assignees of part thereof have sued jointly with their assignors in the names of both, either without question or questioned unavailingly. Statutes like Montana's are for the purpose of changing the common-law rule that rights of action are not transferable, and that all actions should be prosecuted by or in the name of the holder of the legal title to the cause of action, under which rule an assignee of the whole was compelled to sue at law in the name of the assignor, and an assignee of part had no standing in a court of law, but in some cases could resort to equity. Blending law and equity in one form of civil action, such statutes adopt the equity rule in respect to parties—the action to be prosecuted in the name of and by the owner of the beneficial interest in the chose, who is entitled to the thing sued for, and by reason thereof is the real party in interest. See 30 Cyc. 47 et seq. 83. Under such statutes, the assignor of a chose cannot maintain an action therefor in the face of the debtor's objections, and if a debtor with knowledge of the assignment fails to object or to require the assignee to be made a party or fails to defend on the score of the assignment, though the assignor secures judgment, the assignee may thereafter successfully prosecute an action against the debtor for the chose. The judgment in favor of the assignor is not res judicata. See 23 Cyc. 1165, 1260. If but a part of a right of action is assigned, assignor and assignee may join at law for its recovery. See 30 Cyc. 51. If it be said that at common law a partial assignee was not recognized, and could proceed only in equity, and that state statutes cannot change this rule to the prejudice of the equity jurisdiction of the federal courts, it may be observed that an entire assignee could also resort to equity, and yet, where the latter may sue at law in his own name by virtue of state statutes, so may he in the federal courts. See cases supra.

A partial assignee's interest is the same in quality as that of an entire assignee—equitable, but less in quantity. It is believed that at

common law an assignor and his partial assignee could join in an action at law in the name of the assignor to recover the entire chose for the benefit of both, and that no case to the contrary will be found. But, if the partial assignee must proceed in equity, he must join the assignor. Equity is more averse to splitting than is law. Equity abhors a multiplicity of suits. So the case at bar may be viewed as one in equity in the state court to which insured and insurers are each and all necessary parties, the effect on removability being the same. See Insurance Co. v. Railway Co. (C. C.) 101 Fed. 509; Story, Eq. Pldgs. § 153.

[6] Save under extraordinary circumstances, absent here, a partial assignee of an unliquidated demand sounding in tort cannot maintain a suit in equity therefor against the tort-feasor; for the facts and damages are properly for a jury to determine. 2 Story, Eq. Jur. § 1057b, and see Hayward v. Andrews, 106 U. S. 676, 1 Sup. Ct. 544, 27 L. Ed. 271.

[7] Though an assignee's title, part or entire, is equitable, when the assignor, as here, does not dispute it and consents to a joint action, the relief sought is purely legal, and not equitable, and so there is no jurisdiction in equity. The following cases are illustrative: Hayward v. Andrews, supra; Smith v. Bourbon Co., 127 U. S. 111, 8 Sup. Ct. 1043, 32 L. Ed. 73; Fussell v. Gregg, 113 U. S. 554, 5 Sup. Ct. 631, 28 L. Ed. 993. There is no occasion for a resort to equity. The defendant is not concerned in the joint plaintiffs' division of the recovery, and he has a constitutional right to a jury trial. Under like statutes to those aforesaid of Montana, it is generally held that insurers who have paid part of a loss may join with the insured in an action in the names of all against the trespasser to recover the whole loss. Insurance Co. v. Railway Co., 45 Or. 53, 76 Pac. 1075, 67 L. R. A. 161, 2 Ann. Cas. 360; Fairbanks et al. v. Railway Co., 115 Cal. 579, 47 Pac. 450; Wunderlich et al. v. Railway Co., 93 Wis. 132, 66 N. W. 1144; Railway Co. v. Insurance Co., 53 Neb. 514, 73 N. W. 950; Railway Co. v. Miller, 27 Tex. Civ. App. 344, 66 S. W. 139; Insurance Co. v. Railway Co., 41 S. C. 408, 19 S. E. 859, 44 Am. St. Rep. 725. See, also, First, etc., Society v. Co. (C. C.) 7 Fed. 260; Insurance Co. v. Railway Co. (C. C.) 101 Fed. 509. Cases denying the right to join under such circumstances rely on the common-law rule, and do not seem to have involved statutes like Montana's. See Insurance Co. v. Railway Co., Fed. Cas. No. 96; Insurance Co. v. Oil Co., 59 Fed. 987, 8 C. C. A. 433; Over v. Railway Co. (C. C.) 63 Fed. 35; Turk v. Railway Co. (D. C.) 193 Fed. 254. They hark back 130 years to Assurance Co. v. Sainsbury, 3 Douglas, expressly decided on the ground that things in action were not transferable. It may be observed that the Supreme Court of the United States recognizes that statutes in some states and elsewhere permit joinder as in the case at bar. See Railway Co. v. Car Co., 139 U. S. 87, 11 Sup. Ct. 490, 35 L. Ed. 97; Railway Co. v. Insurance Co., 139 U. S. 235, 11 Sup. Ct. 554, 35 L. Ed. 154; Insurance Co. v. Miller, 199 U. S. 370, 26 Sup. Ct. 46, 50 L. Ed. 226. These statutes abolish the fictions and technical rules of the common law in relation

to assignments, parties and process, and simplify forms, procedure, and proceedings. They make for convenience and justice to all parties. The reasons for said rules failing, the rules fail with them. Use plaintiffs have no place in actions in Montana. The insured cannot sue to the use of the insurers and the insurers cannot sue to their use in the name of the insured.

I am of the opinion that the plaintiffs herein, co-owners of the insured's right of action, were not only authorized by the state law to sue jointly as they did, but were compelled to do so. One compelled to join and joined in an action, and having a substantial interest therein, is not a nominal, but a necessary or indispensable, party, whose citizenship must be regarded when jurisdiction depends on citizenship; for he sues not by a representative nor by representation binding him and bound for him, but in his individual capacity. He is a real party in interest.

The corporations plaintiff being citizens of states other than Montana and objecting to the jurisdiction of this court, the cause should be remanded. Leave to renew the motion to remand and said motion are both granted and order accordingly. Costs to plaintiffs.