BEADLESTON v. HARPENDING and another.[1]

(*Circuit Court, E. D. New York.* November 4, 1887.)

REMOVAL OF CAUSES—DECISION OF STATE COURT—REVIEW BY CIRCUIT COURT.
Where, on application by a defendant in a suit in a state court to remove the cause to the United States circuit court, the state court, being of competent jurisdiction, has decided that on the face of the record the defendant is not entitled to such removal, he will not be permitted to contend for a contrary decision of the same point in the circuit court, upon a motion by plaintiff to remand the cause as not being removable.

*O. H. La Grange,* for plaintiff.
*Seward, De Costa & Guthrie* and *Robt. H. Griffin,* for defendants.

BENEDICT, J. This case comes up before this court upon a motion to remand.

The suit was originally commenced in the supreme court of the state of New York. Thereupon the defendants filed in the state court a petition for the removal of the cause to this court, upon the ground that the bill showed a separate controversy as to the defendant Alley, a citizen of the state of Massachusetts. This petition, with the necessary bond, when first presented to the state court, was accepted. Subsequently, upon further consideration of the bill, after hearing the parties, the state court determined to reject the removal petition and bond, and to proceed with the cause. A copy of the record having been filed in this court, the plaintiffs now move to have the cause remanded, as not being a removable cause. The defendant Alley opposes, upon the ground that the cause is removable because the bill discloses a separate controversy as to him.

In determining this issue thus presented, the question arises at the outset whether, after the determination of the state court that no separate controversy is disclosed by the bill, the defendant is permitted to contend for a contrary decision of this court, upon a motion like the present. If it were open to this court to decide that the state court was without jurisdiction to determine the question it undertook to determine when it decided to proceed with the cause, the case might be different. But the jurisdiction of the state court must be conceded upon the authority of the decision of the supreme court of the United States in *Railroad Co.* v. *Dunn,* 122 U. S. 513, 7 Sup. Ct. Rep. 1262, where it is said:

"It (the petition) presents then to the state court a pure question of law; and that is whether, admitting the facts stated in the petition for removal to

---

[1] Reported by Edw. G. Benedict, Esq., of the New York bar.

be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit. That question the state court has the right to decide."

We have here then no question of jurisdiction but the question whether, when the character of the plaintiff's bill in the very particular involved has been determined by a state court of competent jurisdiction between the same parties in the same action, the same question can be opened for a new and different determination by this court, upon a motion like the present. While the cause was in the state court for the purpose of determining whether the bill disclosed a separate controversy between the plaintiff and the defendant Alley, the state court decided that the bill did not disclose a separate controversy, and now, with that determination standing unreversed, the defendant upon this motion seeks to have this court decide that the bill does disclose a separate controversy. In my opinion the decision of the state court cannot be reviewed in this way. The prior determination of the state court, that the plaintiff's bill discloses no separate cause of action against the defendant Alley, standing unreversed, estops the defendant from asserting the contrary upon a motion like the present.

The reason of the rule forbidding parties to litigate anew questions already litigated between them in a court of competent jurisdiction, seems to be of full force in a proceeding like this. An added ground for the application of the rule in this instance is to be found in the fact that a contrary decision will compel the spectacle of a suit prosecuted in the state court upon the ground that the bill discloses no separate controversy, and at the same time prosecuted in the federal court upon the ground that the bill does disclose such a controversy.

Another reason for declining to review on this occasion the decision of the state court is afforded by the fact that, while the decision of the state court is open to be reviewed, not only by the court of appeals, but also by the supreme court of the United States, by a writ of error, the right to appeal from the decision of this motion has been taken away by the act of 1887.

Upon these grounds, the plaintiff's motion to remand is granted.