W. SPRINGER et al. v. JOHN SHEETS et al.

*Jurisdiction—Removal of Causes—Separate Controversy—
Diversity of Citizenship—Rearrangement of Parties—Action
for Cancellation of Mortgage—Foreclosure of Mortgage.*

1. Where there are mortgages upon land in this State held by non-resi-
dent mortgagees, and a subsequent trust deed affecting part of the
same land, the trustee and one *cestui que trust* being resident in
this State, and another *cestui que trust* being resident of another
State, the mortgagor and trustor (being resident in this State)
can bring and maintain in the State Courts (1) an action against
the trustee and the *cestuis que trustent,* asking for an adju-
dication of the amount due on the claims and a sale to satisfy
them, and pay over to the plaintiff any balance due him, thus
treating the older mortgages as satisfied; or (2) an action against
the first mortgagees for a settlement and cancellation of the mort-
gages; or (3) a combined action against all the parties for fore-
closure of the trust deed and cancellation of the mortgages.

2. Though separate suits may be brought against the different lienors,
yet when complete relief cannot be had without the presence of all
the defendants to an action by the mortgagor against the senior
and junior mortgagees for the ascertainment and settlement of the
rights of all parties, there is not a separable controversy.

3. In an action by a mortgagor to cancel certain mortgages and to fore-close a subsequent trust deed to the same property, although the *cestuis que trustent* have a common interest with plaintiff in show-ing the discharge of said mortgages, they are nevertheless his adversary parties as to the other matters in controversy, and will not be rearranged as parties plaintiff so as to show diversity of citizenship.

4. A beneficiary under a trust deed is a necessary party to an action by a mortgagor to cancel certain mortgages on the land described in said deed, and to foreclose said trust deed, although the trustee has been made a party to the action.

5. It is not sufficient ground for removing a cause to the Federal Court that plaintiffs might have brought separate suits, or omitted cer-tain defendants, though if they had done so, the cause would prop-erly belong in said Court.

6. In an action for the cancellation of certain mortgages and the fore-closure of a subsequent trust deed to the same land, the mortgagor may join with him, as parties plaintiff, the *cestuis que trustent* under such deed.

This was a motion to remove the cause to the Federal Court, upon petition of defendants (other than Mayo, trustee, and L. M. Herring and L. Hassel Lapp), heard before *Armfield, J.,* at Fall Term, 1894, of BEAUFORT Superior Court.

The complaint in the cause was as follows:

"1. That for many years, beginning about 1875, and con-tinuing till 1893, the defendants Howes & Sheets, and those whom they succeeded in business, and these plaintiffs, have had large business dealings together, the plaintiffs ship-ping to the said defendants and their predecessors in busi-ness, as commission merchants, for sale on their account large quantities of lumber of great value, and receiving from them from time to time money and other things.

"2. That in the course of the said dealings the plaintiffs made the mortgages and deeds of trust herein stated, con-veying therein the property respectively described in said county.    *    *    *

"3. That the amounts set forth and secured in said deeds

of trust and mortgages were regularly charged against these plaintiffs in the accounts kept with them by Howes & Sheets and their predecessors in business, and said accounts were likewise credited with shipments of lumber made to them by plaintiffs and sold for their account and statements thereof rendered from time to time to these plaintiffs.

" 4. That they are advised and believe and aver that the entire amount secured in the deeds of trust and mortgages aforesaid have been and are more than paid by the shipments and credits aforesaid, and that the said deeds and mortgages are no longer binding and in force against the property in them described.

" 5. That each of the debts secured in the several mortgages aforesaid matured, and the cause of action of defendants thereon (if any they had) had accrued more than three years before the bringing of this action, and the said debts are therefore barred by the statute of limitations, and plaintiffs specially plead the same; and the said mortgages, maturing more than ten years prior to the bringing of this suit, the said mortgages are barred by the statute of limitations, and plaintiffs specially plead the statute of limitations and lapse of time to said mortgages.

" 6. That the defendants Howes & Sheets claim and insist that the sums secured in deeds aforesaid are still due and unpaid, and that the said deeds are valid liens upon the lands therein conveyed, and are holding the same as security for the said sums.

" 7. That the defendants Howes & Sheets claim that the plaintiffs owe them on account, including the sums secured as aforesaid, $56,310.34, with interest at 7 per cent. from October 27, 1893. These plaintiffs deny that they owe said defendants said amount, or that they owe them anything. On the contrary, they believe and aver the said defendants are indebted to them in a large sum.

" 8. That the accounts rendered by the said defendants are erroneous, unjust and false, in that the said defendants and

their predecessors have negligently or fraudulently failed to sell and account for the timber shipped by these plaintiffs to them for sale on commission, but have credited these plaintiffs far below the sums which like lumber brought at the same time in the same market; that they have not properly accounted to the plaintiffs for the lumber which went into their hands and into the hands of those whom they succeed; that they have charged illegal and usurious interest against plaintiffs by charging 7 per cent. on general account, when there was no agreement in writing to pay that rate, by rendering annual, semi-annual and quarterly accounts, adding interest each time at said rate, and calculating interest thereafter on the balance each time as a new principal sum due by plaintiffs; by charging commissions for selling lumber largely in excess of what is usual and proper, as a device for charging usury and concealing the same.

"9. That the existence of the mortgage and trust deeds aforesaid uncancelled upon the records, and the defendants Howes & Sheets' false claim with respect to the same, create a cloud upon the plaintiffs' title to their property therein named, and greatly damage them in their credit and business, and they ought to be cancelled and removed.

"10. That the defendants, Samuel A. Sheets, John Sheets, Katie E. Howes, Susan McA. Sheets, Robert A. Sheets, Mary C. Runyon and Harriet L. Shinn are the heirs at law of J. A. J. Sheets, deceased, to whom the legal title to the lands described in said deeds has descended, the said Sheets having died before the bringing of this action.

"11. That on the 24th day of June, 1892, plaintiffs being indebted to L. Hassell Lapp and Louisa Mayo Herring, as stated in the deed of trust herein described (to Lapp in the sum of $3,000, and to Herring in the sum of $700), to secure the same conveyed to defendant L. R. Mayo the land described in the deed to J. A. Sheets, dated June 8, 1880, upon which there is now due the sums aforesaid, except as to Mrs.

Herring, to whom has been paid about $200; said deed of trust is recorded in Book 85, page 434.

" 12. That the deed of trust to Mayo is subsequent to the others in point of time, but by reason of the facts aforesaid these plaintiffs believe and aver that it is now the first and only lien on the said property.

" 13. That plaintiffs desire to have the accounts between themselves and Howes & Sheets stated and determined; to have all deeds of trust and mortgages of record against them, which have been paid and settled, duly cancelled; to have the right of the defendants Howes & Sheets, and the defendants Mayo, trustee, Lapp and Herring with respect to and in the said properties ascertained and determined."

Wherefore, plaintiffs ask judgment—

" 1. That the accounts between the defendants Howes & Sheets, and those whom they succeed, and the plaintiffs, be stated under the direction of this Court.

" 2. For such sums as may be found due the plaintiffs.

" 3. That the mortgages and deeds of trust described in section 2 hereof, be cancelled.

" 4. That the amount due Howes & Sheets, if anything, be ascertained, and whether the same be secured by mortgage or deed of trust; and if so,

" 5. That the same and the deed of trust to defendant Mayo be foreclosed under the direction of this Court."

The answer of the defendants L. R. Mayo, Louisa Herring and L. Hassell Lapp, admitted the material allegations of complaint, and prayed judgment as follows:

" 1.  That they be declared to have the first and only lien on said lands; that the mortgages and deeds of trust set forth in section 2 of the complaint be declared paid and cancelled of record, according to law; that a commissioner of this Court be appointed to sell said lands and pay off said debts out of the proceeds, and for such other relief," etc.

The petition for removal was as follows:

" The petition of George A. Howes and John Sheets, trading as Howes & Sheets, and Samuel A. Sheets, Katie E. Howes, Robert A. Sheets, Mary C. Runyon, Susan McV. Sheets, Harriet L. Shinn and husband Wilson Shinn, and John Sheets, defendants above named, shows to the Court as follows: That the above suit was begun against your petitioners, and also against the other parties named above as defendants, in the Superior Court of Beaufort County, and State of North Carolina, by the issue of a summons on the 17th day of January, 1894, and by service of the said summons upon the defendant George A. Howes upon the 19th day of January, 1894, and by filing of a complaint in the said cause on February 27, 1894; that your petitioners have not yet filed their answer, but as to your petitioners the said cause is now pending; that the said cause has not been tried, and this is the term of the Court at which the said George A. Howes, who has been served with summons, and John Sheets, Samuel A. Sheets, Katie E. Howes, Robert A. Sheets, Mary C. Runyon, Susan McV. Sheets, Harriet L. Shinn and husband Wilson Shinn, are required to file their answers; that at the time the said suit was begun, and at the present time, the plaintiffs were and are citizens and residents of the State of North Carolina, and county of Beaufort, and your petitioners were and are citizens and residents as follows George A. Howes and wife, Katie E. Howes, John Sheets, Mary C. Runyon, now the wife of George W. Wannamaker, and Susan McV. Sheets, all of the city of Philadelphia and State of Pennsylvania; Samuel A. Sheets, of the city of Camden and State of New Jersey; Robert A. Sheets, of the city of St. Augustine, State of Florida; Harriet L. Shinn and Wilson Shinn, of the town of Haddonfield and State of New Jersey; that the matters in dispute in said action, and for which the said action is brought, exceed the sum of two thousand dollars, exclusive of costs and interest, and amount to about fifty thousand dollars, as appears from the com-

plaint herein; that L. R. Mayo, trustee, is a resident and citizen of the county of Beaufort and State of North Carolina, and Louisa Mayo Herring, also a party defendant, is a resident and citizen of Beaufort County and State of North Carolina; that L. Hassell Lapp, also a party defendant, is a resident and citizen of the city of Philadelphia and State of Pennsylvania; that the said L. R. Mayo, Louisa M. Herring and L. Hassell Lapp were citizens of the States and places above named at the time of the institution of this suit, and are now residents and citizens of said places and States; that the real controversy in this action is between the plaintiffs and George A. Howes and John Sheets, trading as Howes & Sheets; and the other petitioners above named as heirs at law of John A. J. Sheets; that L. R. Mayo, trustee, and Louisa Mayo Herring and L. Hassell Lapp are not necessary parties to the determination of the controversy and action between the plaintiffs and your petitioners, and they are made parties defendant herein, as your petitioners believe and aver, for the purpose of preventing the removal of this cause to the Circuit Court of the United States, to which Court your petitioners are advised they have the right to remove this cause; that there is no controversy, as appears from the complaint herein, between the plaintiffs and the defendants L. R. Mayo, trustee, Louisa Mayo Herring and L. Hassell Lapp; that the answer of the said defendants has been filed to the said complaint, and it is apparent therefrom that there is no controversy between them and the plaintiffs; that the interest of the said defendants, if they have any in this action, is identical with that of the plaintiffs, and is adverse and hostile to that of your petitioners. Your petitioners ask that the said defendants above named be arranged in this action according to their true interests, and that they be not permitted to interfere with and defeat the rights of your petitioners to remove their cause to the Circuit Court of the United States; and the defendant peti-

tioners hereby offer Seth Bridgman and W. P. Baugham of the town of Washington, county of Beaufort and State of North Carolina, as sureties for their entering in the Circuit Court of the United States for the Eastern District of North Carolina, wherein the said suit is pending, on the first day of next session of the said Court, or before, a copy of the record in said suit, and for paying all costs that may be awarded by said Circuit Court, if the said Court should hold that the said suit was wrongfully or improperly removed thereto; and for their appearing and complying with all the provisions of the acts of the United States relating to the removal of causes from State Courts.

Wherefore, petitioners pray this honorable Court to proceed no further herein, except to make the order of removal required by law," etc.

His Honor denied the motion, and the defendant Howes appealed.

*Messrs. Pruden & Vann* and *J. H. Small*, for plaintiff.

*Messrs. John W. Hinsdale* and *W. B. Rodman*, for defendants (appellants).

AVERY, J.: The plaintiffs could have brought and maintained in the State Courts any one of these suits growing out of the transactions covered by the complaint:

1. They might have filed their complaint against the trustee Mayo and his *cestuis que trust*, asking an account or an adjudication of the amount of their claims and a sale to satisfy them, and pay over any balance to the plaintiffs, acting on the assumption that the older mortgage debts were satisfied.

2. They might have instituted an action against the first mortgagees solely for the purpose of effecting a settlement and having the Court formally declare the mortgage debt satisfied.

They had the right to demand that all of these questions be settled by one action, in which, if they should prevail, the older mortgage debts should be declared satisfied, the property sold to pay the later mortgage debts to Mayo, and freed by the decree of the Court from the clouds of the other claims, and the residue of the purchase-money above the amount required to discharge the debts of the mortgages under the Mayo deed, if any, adjudged to belong to the plaintiffs.

The fact that the plaintiffs and those claiming under the last mortgage deed have a common interest in showing that the debts secured by the older mortgage deeds have been discharged, makes them none the less adversary parties as to the other matters involved in this controversy. Louisa M. Herring, one of the *cestuis que trust* secured under the last or Mayo deed, and the trustee L. R. Mayo are and were at the institution of the suit, citizens and residents of the State of North Carolina. Supposing that the plaintiff's purpose is in good faith to first relieve the property of the cloud which the incumbrance of the first mortgages casts upon it, and to satisfy a purchaser at a foreclosure sale that the junior mortgagee Louisa M. Herring, among others, will be concluded from setting up any further claim, and thereby to secure a large price with possibly the incidental advantage of securing a considerable surplus after discharging debts out of purchase-money, there can be no doubt about the necessity and propriety of making both of these residents of this State parties to this proceeding, in order to obtain the complete relief desired. It is not our province to act upon a suspicion of improper motives, or indeed to impute to parties invoking the aid of the Court anything but good faith, in the absence of plenary proof of a wrongful intent. *Wilson* v. *Township, etc.,* 151 U. S., 56. Looking at the controversy in this view, and taking the allegations of the complaint to be true, Louisa M. Herring is a necessary adversary

party, notwithstanding the fact that she admits the material allegations of the complaint, and it would be manifestly unjust, perhaps ruinous to the interests of the plaintiffs, to have the questions involved adjudicated separately by different tribunals and at different periods of time. Desty on Removals, § 95, 1 J, K. Louisa M. Herring is not a mere formal party, but a beneficiary under the trust deed which the plaintiffs seek to have foreclosed, and the summons was served on her within two days after it was issued on January 17, 1894. It is not material, therefore, to discuss the question whether the trustee L. R. Mayo is a necessary party, though he is at least not an improper party. We have one beneficiary under the Mayo mortgage deed whose presence is indispensable, in order to the granting of a conclusive decree, such as that which the plaintiffs seek, and whose interests are, in some respects, antagonistic to both parties to the older deed. It is true that a separate suit might have been prosecuted against Howes & Sheets for an account and cancellation of the mortgage deed, but complete relief could not have been granted in such an action without the presence of the *cestuis que trust* under the later mortgage deed, if not the trustee, and such being the case, this is not a separable controversy. *Hinson* v. *Adrian*, 86 N. C., 61; *Jones* v. *Britton*, 102 N. C., 178; *Faison* v. *Hardy*, 114 N. C., 429; *Fidelity Co.* v. *Huntington*, 117 U. S., 280. The plain principles which make the mortgagees under the Mayo deed proper parties and indispensable to the accomplishment of the end aimed at by the plaintiffs were, first, that they would not be concluded if not parties, and that they were interested in the settlement of the prior incumbrances, upon which their own security depended, and were to that extent adversaries to the other defendants; second, that plaintiffs could not have complete relief, except by a decree declaring what amount secured by each of the mortgages was still due, and enabling them to ascertain what residue would be left for them as mortgagors. *Fidelity Co.* v. *Huntington, supra.*

This suit, therefore, was brought for a complete adjustment of priorities and equities between all of the parties in interest. If the plaintiffs, having the right to elect that they will have such a complete adjustment of all liens and equities affecting certain property, bring in all parties interested in one action instead of suing separately, when some of the defendants are from the same and others from a different State from that in which the plaintiffs reside, a portion of the defendants cannot demand a rearrangement of parties according to residence, because some of the defendants from the State in which the plaintiffs reside admit the material allegations made by the plaintiffs. It is not a sufficient reason for removal that the plaintiffs might have brought separate suits, or without associating other joint plaintiffs with them. 2 Foster Fed. Pr., sections 382, 384; *Wilder* v. *Va., etc, Co.,* 46 Fed. Rep , 682.

It would be impossible in our case to rearrange the parties plaintiff and defendant on the one side and the other, so as in that way to show the existence of a separable controversy. If the parties should be classified according to common interest, it would result in placing L. R. Mayo and L. M. Herring, of North Carolina, together with L. Hassell Lapp, of Pennsylvania, with the plaintiffs on the one side as seeking to show that nothing remains due on the mortgages for the benefit of Howes & Sheets, while on the other side would be some of the present plaintiffs, residents and citizens of North Carolina associated with several citizens of Pennsylvania, two of New Jersey, and one each from New York and Florida. So that by no conceivable rearrangement, on the basis of common interest, could the appellants show (as it is essential to show, in order to establish the right to an order of removal) the existence of a separable controversy wholly between citizens of North Carolina on the one side, and citizens of another or other State on the other. *Brown* v. *Truesdale,* 138 U. S., 389; *Wilson* v. *Oswego, supra;* Desty, *supra,* 96 O. We are of the opinion that the plaintiffs

had a right to elect between two remedies which the law afforded, between combining two causes of action when lawful to do so, or prosecuting separate actions, and between prosecuting the suit alone or joining proper parties plaintiffs with them.

Having chosen to have all parties whose presence is indispensable to obtaining the full measure of relief sought before the Court in one suit, that suit cannot be cut up into two and removed so as to try in piecemeal, against the will and to the possible detriment of the plaintiffs, on the suggestion that some of the indispensable parties, having apparently adverse interests to those of plaintiffs, are really in collusion and making common cause with them. Had the remedy against Howes & Sheets been in nowise connected with or dependent upon the demand against the parties to the Mayo deed, or had no relief been asked that would conclude Mayo, Herring and Lapp, the contention that they were not adversary to the plaintiffs, and that as to Howes & Sheets, there is a separable controversy with citizens of North Carolina, might have been more plausible. *Viral* v. *Continental, etc.,* 34 Fed. Rep., 228. Even on that supposititious state of facts other difficulties might arise, growing out of the presence of other parties plaintiff from other States joined in the alleged exercise of a right of election by the plaintiffs. Desty, *supra,* 96 J.

The rule is that, for the purpose of testing the right of removal, the allegations of the bill must be taken as true. Desty, *supra,* 96 M. We think that, conceding the truth of the allegations of the complaint, the plaintiffs could not get the complete relief demanded against all of the parties whose presence is indispensable to that end, and at the same time so arrange the parties, according to interest, that all on one side would be citizens of different States from those on the other. Desty, *supra,* 96 I.

In refusing to grant the motion to remove, we think there is                                                                                       No Error.