## SPRINGER et al. v. HOWES et al.

### (Circuit Court, E. D. North Carolina.   October 2, 1895.)

1. REMOVAL OF CAUSES—JURISDICTION TO DETERMINE.

    The state court in which an action has been commenced, if an application is made to it for an order of removal to a federal court, and the federal court to which removal is sought, have an equal right to determine whether, upon the face of the record and the petition for removal, a proper case for removal is made out.

2. SAME—COMITY BETWEEN COURTS.

    Defendants in an action commenced in a state court filed a petition and bond for its removal to the federal court, and applied to the state court for an order of removal, which was refused.  Defendants then appealed to the state supreme court, where an elaborate argument took place, and on full consideration the decision of the lower court was affirmed.  Defendants, having filed a transcript of the record in the federal court, then attempted to proceed therein, and plaintiffs moved to remand.  *Held,* that the federal court would not, under such circumstances, overrule the decision of the state courts, but would leave the defendants to their appeal therefrom to the supreme court of the United States, and in the meantime remand the case.

This was an action by L. W. and E. D. Springer against Howes & Sheets and others, commenced in a court of the state of North Carolina.  The defendants filed a petition and bond for removal to the United States circuit court, and filed a transcript of the record in that court.  Plaintiffs moved to remand.

Shepherd & Busbee, for plaintiffs.
John W. Hinsdale, for defendants.

SEYMOUR, District Judge.  The suit was begun in the superior court of Beaufort county, N. C.  At the appearance term of that court, in February, 1894, the defendants Howes & Sheets filed a petition and bond for removal.  The superior court refused to remove, whereupon said defendants appealed to the supreme court of North Carolina.  The latter court affirmed the decision of the court below, and filed an opinion, which appears in 20 S. E. 469.  The same defendants have caused a transcript of the record to be filed in the circuit court of the United States for the Eastern district of North Carolina, and seek to carry on this litigation in that court.  The plaintiffs and the defendants other than Howes & Sheets move to remand.  The ground alleged for removal is an alleged separable controversy between themselves, citizens of Pennsylvania, and the plaintiffs and one Mayo (a defendant), citizens of North Carolina.  The defendants other than themselves, who are citizens of Pennsylvania, they say, are not necessary parties to the controversy, being sufficiently represented by Mayo, their trustee.  I do not propose to discuss the grounds upon which it is claimed that the case is properly in the circuit court, for reasons to be given hereafter.  Enough has been said to indicate the statute which controls the case, as to its removability.

Under the statute (Act March 3, 1887) the right of removal on the ground of diverse citizenship is allowed to defendants only if the case is one over which the circuit court is given original jurisdiction by the

first section of the act. Section 3 provides the machinery of removal. A defendant desiring to remove his cause from the state to the federal court may file a petition and bond, etc. "It shall then be the duty of the state court to accept said petition and proceed no further in said suit." Upon a transcript of the record being thereupon filed in the federal court, the suit proceeds therein in the same manner as if it had originally commenced there. Under this legislation it has been decided that if the cause be removable, and the statute be complied with, no order of the state court is necessary. Insurance Co. v. Dunn, 19 Wall. 214; Kern v. Huidekoper, 103 U. S. 485; Steamship Co. v. Tugman, 106 U. S. 118, 1 Sup. Ct. 58; Railroad Co. v. Koontz, 104 U. S. 5. When the petitioner presents a sufficient affidavit and bond, the case is thereby removed; the jurisdiction of the state court ceases, and that of the federal court attaches. Even the filing of a transcript of the record in the circuit court is not essential to its jurisdiction. But the state court is not bound to surrender its control of the case until a petition is filed which shows on its face the right to a removal. If the petitioner fail to show in his petition, taken in connection with what already appears in the record, such a right, he does not, in law, show to the state court that it cannot "proceed further with the suit." Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799; Railroad Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262. Of necessity, therefore, if the question be raised in the state court, such court is at liberty to determine for itself whether, on the face of the record, a removal has been effected. But either without calling upon the state court for a decision, or after a refusal by such court to remove, the petitioner has a right, under the statute, to enter a copy of the record of that court, as it stood at the time of filing his petition, in the circuit court, and have the suit docketed there. The circuit court will, in such case, have the same question to decide as that which might have been presented to, or has been passed on by, the former court. And it is at liberty to determine for itself whether, on the face of the record, a removal has been effected. The pure question of law presented by the petition—of whether, admitting the facts stated to be true, it appears on the face of the record that the petitioner is entitled to remove—is one which both the state court and the federal court have the right to decide. Railroad Co. v. Dunn, supra. Nor can it be claimed that the decision of this question is more appropriately a function of one court than of the other. Id. Each is competent, and equally competent, to pass upon its own jurisdiction. The final supremacy of the federal judicatory is undoubted. From each court an appeal will lie, either directly or mediately, to the supreme court of the United States, with which rests the ultimate determination. But, during the period that must elapse before the question can reach that tribunal, it is desirable that no conflict of authority should arise between courts absolutely independent of one another. Such a conflict is courted by the practice adopted by counsel in this case. I know that the judicious and learned advocate who controls the litigation on behalf of the removal of this suit is led solely by his zeal for his clients, and his confidence in their case, but I think that he is misled.

A bare statement of the facts will, I think, show the incorrectness of the practice adopted. It was not necessary, as I have shown, to apply to the judge of the superior court of Beaufort county for an order of removal. Perhaps inadvertently, such application was made, and the order was denied. From this an appeal was taken to the supreme court of North Carolina. An exhaustive printed argument, extending to nearly 75 pages, was presented to that court, and was, as appears from the North Carolina Reports,[1] carefully considered by the five able and impartial lawyers who sat upon its bench. An elaborate opinion was written by one of them, in which all the grounds relied upon by defendants' counsel were met, and upon consideration a unanimous bench affirmed the order of the court below. It was the court of the petitioners' own seeking. They themselves appealed to it, not only with the confidence that I know their counsel felt, and still feel, in the merits of their petition, but also, I doubt not, with the confidence that they, in common with the bar of North Carolina, feel in its supreme judicatory. Upon substantially the same brief, with an addition to it reviewing the decision of the supreme court, I am asked, sitting in the circuit court of the United States, to reverse the decision of the state court. I have examined its opinion in the light of the arguments of counsel, and I see no reason to question its correctness. If the matter were doubtful, its authority would be persuasive. But I do not think it necessary or proper to discuss the subject afresh. It is my opinion that in any contingency a decision rendered under such circumstances ought to stand, unless reversed by the supreme court of the United States. This case differs from that of Beadleston v. Harpending, 32 Fed. 644, in the fact that the removal had there been denied by only a single judge sitting at nisi prius. In that case Judge Benedict reached the conclusion that the circuit court ought not to interfere with the decision of the state court. Several cases are cited where the circuit courts appear to have come to a contrary conclusion. My own opinion, however, is in correspondence with that expressed in Beadleston v. Harpending. It seems to me proper that when a party to a litigation has deliberately and voluntarily intrusted a matter, which either of two tribunals has a right to decide, to one of them, he should not be allowed, in case of an adverse decision, to resort to the other. A defendant seeking to remove a case from a state to a federal court, if he applies to a state judge for an order, does so by his own choice. If the superior court of Beaufort county had decided the matter without having been asked by the parties seeking to remove, to do so, a different question would have been presented. The case will be remanded to the state court.

[1] 115 N. C. 370, 20 S. E. 469.