### HERNDON v. SOUTHERN R. CO. et al. (two cases).

(Circuit Court, E. D. North Carolina. September 29, 1896.)

REMOVAL OF CAUSES—LOCAL PREJUDICE.

Defendant railroad company submitted affidavits showing that a few years previously there was a bitterly contested litigation between its predecessor in the possession of the road and the city in which the cause was to be tried; that during this litigation there was almost a riot; that several of the servants of such predecessor were arrested in consequence of the litigation, and that litigation still existed between itself and said city; and a number of respectable and disinterested witnesses testified that defendant could not obtain justice in that county, and that a prejudice against corporations existed there. *Held*, that it was proper to order the removal of the cause under Act March 3, 1887, though a number of witnesses testified that defendant could obtain justice in that locality.

Action by Demetrius Herndon against the Southern Railroad Company and the North Carolina Railroad Company. On motion to remove.

F. H. Busbee and Guthrie & Guthrie, for petitioners.
Boone, Merritt & Bryant and R. W. Wierston, for respondent.

SEYMOUR, District Judge. This is a motion to remove under the act of March 3, 1887, on the grounds of alleged local influence and prejudice. The act provides for the removal of an action from the state to the federal tribunal when it shall be made to appear to the United States circuit court that from prejudice or local influence a defendant, a citizen of another state from that in which the suit is brought, will not be able to obtain justice in the state court in which he is sued, or in any other state court to which defendants may, under the laws of the state, have the right to remove the cause on account of such prejudice. I have, in the case of Springer v. Howes, 69 Fed. 849, which was ably argued and carefully considered, decided that a defendant has not a right to remove to an adjacent county on account of local prejudice, under the North Carolina statute. Upon reading the affidavits in this case, I have not been convinced that the local influence of plaintiff is such as constitutes a sufficient cause for removal. I am, however, of the opinion that the action should be removed on the ground of local prejudice. It appears from the affidavits submitted by defendant the Southern Railroad Company in behalf of its motion that a few years ago there was a bitterly-contested litigation between the city of Durham and the Richmond &

Danville Railroad Company, of which the Southern Railroad Company is the successor; that during this litigation there was almost a riot, and several of the servants of the company were arrested in consequence of this litigation, and that litigation still exists between the Southern Railroad Company and the city of Durham. A number of respectable witnesses, who appear disinterested, testify to their opinion that defendant cannot obtain justice in Durham county. Such is the opinion not only of Col. Andrews, the first vice president, Mr. O'Brien, division superintendent, of the railroad, and J. A. White, railroad agent, but also of N. A. Ramsey, H. N. Snow, J. H. Berry, J. M. King, M. H. Jones, and P. C. Sneed, none of whom appear to have any connection with the road. Four witnesses for plaintiff testify that in 1889 a suit occurred between the town of Durham and the railroad company, growing out of the attempt of the Seaboard System to get into Durham over the roadbed of the Richmond & Danville Railroad; that the citizens of Durham generally took sides with the Seaboard System; and that arrests, suits, and trials for trespass grew out of this controversy. Fred A. Green, a witness for the plaintiff, testifies that he is attorney for the town of Durham in a suit now pending against the Southern Railroad Company to restrain the latter from extending its road to a certain manufacturing establishment in that city. It is true that the five last-named witnesses testify that there is no feeling now existing in Durham against the Southern Railroad Company, and that they are of the opinion that the latter can obtain a fair trial in their county. To the same effect is the testimony of J. F. Maddry, G. A. Barbee, F. D. Markham, and D. C. Gunter, all of them highly respectable affiants. Some of the witnesses for defendant the Southern Railroad Company say that a prejudice against corporations exists in Durham. Some of those for plaintiff seem of the opinion that a large class of its inhabitants have rather a prejudice in favor of them. It is evident that the people of Durham have some feeling on the subject, that there has been local hostility to the Richmond & Danville Railroad, which is, as far as Durham is concerned, the same as the Southern Railroad Company, and that litigation between the town of Durham and the latter still exists. It is evidently not difficult to find honest witnesses in any county to testify that justice can be obtained in such county in any given case. Natural feelings of local attachment would prompt such testimony. At best, it is merely negative. Under all the circumstances, I cannot refuse to give credence to the unimpeached witnesses who testify to the existence of local prejudice. It may well exist, and be unknown to very many of the good citizens of a county. The reluctance with which I order a removal on the grounds assigned in this case is lessened by my knowledge of the fact that no serious delay, expense, or inconvenience can result. Durham is connected with its adjacent city of Raleigh by a few miles of railroad, and a trial can be had at the present fall term of the circuit court.

The case of H. G. Herndon, as well as that of Demetrius Herndon, is ordered to be removed, the affidavits in the two being identical.