BROADWAY INS. CO. et al. v. CHICAGO G. W. RY. CO. et al.

(Circuit Court, W. D. Missouri, W. D.   May 7, 1900.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—NECESSARY OR FORMAL PARTIES.

   Nonresident insurance companies, who had severally paid policies on property of a lumber company destroyed by fire, although not to its full value, brought a suit in equity in a state court against the lumber company, which was a domestic corporation, and a railroad company, which was a corporation of another state, through whose negligence it was alleged the fire was caused, to enforce the right by subrogation to recover pro tanto against the railroad company for the loss, the lumber company having re-

fused to bring action therefor or to join with complainants. *Held*, that the lumber company was an indispensable party to the determination and adjustment of the liability of the railroad company, and the latter could not remove the cause upon the ground that there was a separable controversy.

2. SAME—REMAND.

Where a suit has been improperly removed, the duty to remand it cannot be affected by a claim of defendant that no cause of action is stated on the merits; that being a question for the state court.

3. SAME—FEDERAL QUESTION.

To render a cause removable as one arising under the constitution, laws, or treaties of the United States, that fact must appear by the plaintiff's statement of his own claim; and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in any subsequent pleading.

4. SAME—REMAND.

The fact that, subsequent to the removal of a cause, the parties have pleaded, and have taken depositions, does not affect the duty of the federal court to remand on discovering that the removal was improperly made; it being a matter for the determination of the state court what shall be done with the pleadings filed and the testimony taken.

In Equity. Considered on the question of jurisdiction by removal.

Fyke, Yates, Fyke & Snider, for complainants.

Frank Hagerman and W. E. Hall, for defendants.

PHILIPS, District Judge. This cause has been submitted on demurrer to the bill. But an examination of the bill raises the question of jurisdiction in the mind of the court. The complainants are all nonresident insurance companies. The defendant railroad company is also a nonresident citizen. The defendant W. D. Bennett Lumber Company (which for convenience will be designated as the "Lumber Company") is a Missouri corporation, as also the other defendant, the Farmers' Mutual Insurance Company. The controversy, in brief, grows out of the following state of facts, as disclosed by the bill of complaint: The Lumber Company took out policies of insurance in all of said insurance companies, in varying amounts, on its lumber and certain houses situated in the state of Missouri. The bill alleges that said lumber and houses, through the negligence of the defendant railroad company, were totally destroyed by fire communicated by its locomotive engine. The total loss amounted to about $16,000. The complaining companies paid, on account of their policies, in settlement, sums aggregating $14,000. The defendant Farmers' Mutual Insurance Company, whose policy was for $1,000, has paid nothing. The object of this suit is to recover, by way of subrogation, from the railroad company, the sum so paid by the insurers, and for an adjustment of the equities of the parties. The bill alleges that the Lumber Company refuses either to sue the railroad company to recover from it any portion of the loss, or to join with the complainants in this action, wherefore it is made a party defendant, as permitted under the practice act of the state; and, as the Farmers' Mutual Insurance Company, under the allegations of the bill, is a party in interest, necessary to a complete determination of the controversy, it is also made a defendant. This suit was brought in the circuit court of Jackson county, Mo., from which it was removed into this court on the petition of the de-

fendant railroad company. The petition for removal recited the facts aforesaid respecting the citizenship of the parties, and predicated the right of removal on the grounds (1) that the cause of action, as among the defendants, is severable; (2) that the other defendants are joined merely for the fraudulent purpose of preventing the railroad company from removing the case into the United States court; and (3) that the complainants would insist, at the trial of the case, that if the fire complained of was communicated directly or indirectly by the locomotive engine of the petitioner, then there was absolute liability on the part of the railroad company for the loss, by reason of section 2615, Rev. St. Mo. 1889, notwithstanding the proof might show the highest degree of care on the part of the railroad, and therefore the defendant petitioner would insist that such statute is in contravention of the fourteenth amendment to the federal constitution, "wherefore this case is of a civil nature, arising under the constitution of the United States, all of which appears by petitioner's answer herein."

We will eliminate from this discussion any consideration of the allegation as to joining the other defendants with the railroad company in order to prevent it from removing the controversy into this court, as this is a mere brutum fulmen, unsupported by any proof, and contradicted by the necessary allegations of the bill. All of the defendants not being nonresidents of the state where the suit was brought, to entitle the nonresident defendant to remove the case, the suit must present "a controversy which is wholly between citizens of different states, and which can be wholly determined as between them." The petition for removal was framed to meet this provision of the statute. "The rule is now well established that this clause in the section refers only to suits where there exists a separate and distinct cause of action on which a separate and distinct suit might have been brought and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other. To say the least, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side and citizens of other states on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun." Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, 27 L. Ed. 131; Ayres v. Wiswall, 112 U. S. 187–193, 5 Sup. Ct. 90, 28 L. Ed. 693. The presence of the Lumber Company in this suit is indispensable. It appearing, as the demurrer of defendant to the bill asserts, that the loss of the Lumber Company from the fire is greater than the sums paid by the insurance companies, and as these companies are seeking to be subrogated pro tanto to the rights of the Lumber Company, which refuses to take any affirmative action against the railroad, or to co-operate with the losing insurance companies for restoration, the presence of the Lumber Company as a party defendant is essential to the complainants' cause of action. Unquestionably the Lumber Company might have joined with the complaining companies, asserting, as it has in its answer filed herein, that it disclaimed any purpose to proceed against the railroad company for the residue of the loss, or asserting a demand for the residue of its loss; and, with

all parties in interest before the court, the rights and equities of all could be adjusted in such suit. In such action the Lumber Company would be more than a nominal party. Such suit could not be brought in the first instance in the federal court, as all the complainants would not be nonresidents. But, the Lumber Company refusing either to compel the railroad company to adjust the loss or to join with the suffering insurance companies for indemnity against the wrongdoer, it and the nonpaying insurance companies were properly made parties defendant, for the proper protection of the railroad company itself, by adjusting the rights of all concerned and concluding the controversy in one suit. It seems to me that this case comes within the reason of the rulings and cases cited in Wilson v. Oswego Tp., 151 U. S. 57, 14 Sup. Ct. 259, 38 L. Ed. 70; Torrence v. Shedd, 144 U. S. 527–530, 12 Sup. Ct. 726, 36 L. Ed. 528; Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823; Missouri v. New Madrid Co. (C. C.) 73 Fed. 304; Springer v. Sheets, 115 N. C. 370, 20 S. E. 469; Association v. Farmer, 23 C. C. A. 577, 77 Fed. 929; Telegraph Co. v. Brown (C. C.) 32 Fed. 337. The bill of complaint would have been clearly obnoxious to the objection of want of necessary parties, had the Lumber Company been omitted, and the defendant railroad company might well say to the complainants: "Before I settle with you, the Lumber Company must be present to be concluded by the convention."

The claim, made by the railroad company, that the bill cannot be maintained on its merits, cannot affect the question of removal; "that being a matter for the determination of the state court." Evans v. Felton (C. C.) 96 Fed. 176.

Was the case removable because of the suggestion of a constitutional question made in the petition for removal and the answer filed herein? It was doubtless because of this suggestion that the court heretofore refused the motion to remand. It overlooked the rule, firmly established by repeated decisions of the supreme court, that a case cannot be removed from a state to the federal court, as one arising under the constitution, laws, and treaties of the United States, "unless that appears by the plaintiff's statement of his own claim; and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal, or in any subsequent pleadings." Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Walker v. Collins, 167 U. S. 57–60, 17 Sup. Ct. 738, 42 L. Ed. 76. It is the duty of the federal court, at any time in the progress of the case, when it discovers that the same has been improperly removed, to remand it to the state court. For this purpose the court retains "its power over the suit and the parties unto the end of the term at which final decree" is rendered; and the fact that the parties have pleaded and taken depositions since the assumed removal is of no consequence. As said in Ayres v. Wiswall, supra:

"That fact did not, of itself, confer jurisdiction, if there had been none before. It will be for the state court, when the case goes back there, to determine what shall be done with pleadings filed and testimony taken during the pendency of the suit in the other jurisdiction."

The case is ordered remanded to the state court.